## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 0:23cv60123

**GRICEL LUNA**,
*individually and on behalf of all*
*those similarly situated,*

      Plaintiff,

v.

                                    **JURY TRIAL DEMANDED**

**FIRSTCREDIT INTERNATIONAL CORP**
**d/b/a FIRSTCREDIT**,

      Defendant.

_____/

### CLASS ACTION COMPLAINT

Plaintiff Gricel Luna ("Plaintiff"), individually and on behalf of all those similarly situated, sues FirstCredit International Corp d/b/a FirstCredit ("Defendant") for violations of the Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act ("FCCPA").

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.     Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

### PARTIES

3.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant is a Florida corporation, with its principal place of business located in Akron, Ohio.

## **DEMAND FOR JURY TRIAL**

5.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## **ALLEGATIONS**

6.      On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

7.      The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the original creditor of the Consumer Debt, Cleveland Clinic, and Plaintiff (the "Subject Service").

8.      The Subject Service was primarily for personal, family, or household purposes.

9.      Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10.      Defendant is a business entity engaged in the business of collecting consumer debts.

11.      Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12.      Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

13.      The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

14.      Defendant maintains and keeps updated within seven (7) days the records required by Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

15.      Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

16.     Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

17.     Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

18.     On or after April 08, 2022, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

19.     The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

20.     The Collection Letter is an action to collect a debt by Defendant.

21.     Defendant is an entity required to register as a consumer collection agency with the Florida Department of State, *as per* Fla. Stat. § 559.553(1), to lawfully collect consumer debts from Florida consumers.

22.     When attempting to collect the Consumer Debt from Plaintiff, Defendant was not lawfully licensed to collect consumer debts from Florida consumers in accordance with Fla. Stat. § 559.553.

23.     Defendant does not fall within any of the exemptions contained within Fla. Stat. § 559.553(3).

24.     Defendant cannot legally collect, or attempt to collect, the Consumer Debt from Plaintiff without first registering, and thereafter maintaining, a valid consumer collection agency license in accordance with Fla. Stat. §§ 559.553(1) & (2).

25.     Defendant's collection activities directed at Plaintiff constitute a criminal misdemeanor under Florida law. *See* Fla. Stat. § 559.785.

26.     Upon Plaintiff's receipt of the Collection Letter, Plaintiff reviewed and otherwise read the Collection Letter. In so doing, Plaintiff realized that the debt sought by the Collection

Letter, *i.e.*, the Consumer Debt, arose from medical treatment afforded to Plaintiff, of which Plaintiff believed to have already been paid by Plaintiff's health insurance.

27.     The Collection Letter wasted Plaintiff's time. Plaintiff would not have wasted time reading the Collection Letter, Plaintiff would not have wasted time trying to understand why Plaintiff was the target the alleged unlawful collection activity, Plaintiff would not have wasted time deliberating what to do about the Collection Letter, and Plaintiff would not have wasted time consulting with an attorney regarding Defendant's alleged unlawful conduct. At minimum, all such wasted time would have been completely avoided had Defendant not sent the unlawful Collection Letter to Plaintiff – but such is not the case – and the time Defendant caused Plaintiff to waste cannot be undone.

## CLASS ALLEGATIONS

### PROPOSED CLASS

28.     Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below defined "FDCPA Class" and "FCCPA Class" (collectively, the "Classes").

29.     The "**FDCPA Class**" consists of: **[1]** all persons with Florida addresses **[2]** that Defendant sent a letter to **[3]** in an attempt to collect a consumer debt **[4]** while Defendant was not registered or otherwise in possession of a valid consumer collection agency license from and/or with the Florida Department of State **[5]** during the twelve (12) months preceding the filing of this Complaint.

30.     The "**FCCPA Class**" consists of: **[1]** all persons with Florida addresses **[2]** that Defendant sent a letter to **[3]** in an attempt to collect a consumer debt **[4]** while Defendant was not registered or otherwise in possession of a valid consumer collection agency license from and/or

with the Florida Department of State **[5]** during the twenty-four (24) months preceding the filing of this Complaint.

31.     Defendant and its employees or agents are excluded from the Classes.

32.     Plaintiff does not know the number of members in the Classes but believes the members of each of the Classes to be in the several thousands, if not more.

**NUMEROSITY**

33.     Upon information and belief, without a valid consumer collection agency license from the Florida Department of State, Defendant sent thousands of debt collection letters to consumers throughout Florida in an attempt to collect a debt. The members of each of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

34.     The exact number and identities of members of the Classes are unknown at this time and can be ascertained only through discovery. Identification of each member of the Classes is a matter capable of ministerial determination from Defendant's records.

**COMMON QUESTIONS OF LAW AND FACT**

35.     There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are: **[1]** whether Defendant sent a letter to Plaintiff and members of the Classes in an attempt to collect a debt; **[2]** whether Defendant possessed a valid consumer collection agency license from the Florida Department of State when it (Defendant) sent such letters to members of the Classes; and **[3]** whether Defendant was required to obtain and maintain a valid consumer collection agency license; and **[4]** in the context of the FCCPA Class, whether Defendant knew it did not possess a valid consumer collection agency license.

36.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends debt collection letters to consumers without a valid consumer collection agency license is accurate, Plaintiff and members the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

37.     Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

38.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**SUPERIORITY**

39.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation.

40.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another

may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

COUNT 1
**VIOLATION OF 15 U.S.C. §§ 1692e, e(2)(A), e(5), and e(10)**
(*FDCPA Class*)

41.     Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference ¶¶ 7 through 40 of this Class Action Complaint.

42.     Defendant is liable to Plaintiff and the FDCPA Class for attempting to collect consumer debts from Florida consumers without first registering and, thereafter, maintaining a valid consumer collection agency license in accordance with Florida law. Fla. Stat. § 559.553.

43.     Here, Defendant sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, and in so doing, Defendant engaged in activity which Florida requires licensure to be valid and otherwise lawful; however, at all times relevant, Defendant was not registered as a consumer collection agency with the Florida Department of State, as required by Fla. Stat. § 559.553.

44.     Defendant's failure to obtain a consumer debt collection license, as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida violates 15 U.S.C. § 1692e & e(10) because attempting to collect a debt while not licensed as required by Florida law is a false, deceptive, and misleading practice.

45.     Defendant's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violates 15 U.S.C. § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

46.     Defendant's failure to obtain a consumer collection agency license, as mandated by Florida Statutes § 559.553, while attempting to collect consumer debts from Florida consumers is a violation of 15 U.S.C. § 1692e(5) because the Collection Letter is a threat to take action that cannot legally be taken. For example, the Collection Letter causes the least sophisticated consumer to believe that Defendant may lawfully collect *or even attempt to collect* the Consumer Debt when, in reality, Defendant had no such authority or lawful ability.

47.     WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests this Court to enter a judgment against Defendant, awarding the following relief:

(a)     Statutory damages as provided by 15 U.S.C. § 1692k;

(b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c)     Any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**VIOLATION OF FLA. STAT. § 559.72(9)**
(*FCCPA Class*)

48.     Plaintiff, individually and on behalf of the FCCPA Class, incorporates by reference ¶¶ 7 through 40 of this Class Action Complaint.

49.     Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

50.     Here, as stated above, by mailing the Collection Letter to Plaintiff, Defendant engaged in collection activity that Florida law requires licensure. Fla. Stat. §§ 559.553(1) & (2), and at all times material hereto, Defendant was not validly registered as a consumer collection agency with the Florida Department of State. Defendant knew it was required to register as a

consumer collection agency to lawfully collect or attempt to collect consumer debts from Florida consumers, and Defendant knew did not possess or otherwise maintain a valid consumer collection agency license with the Florida Department of State when it (Defendant) mailed collection letters to Florida consumers. As such, by and through the collection letters it (Defendant) mailed to Florida consumers in an attempt to collect a debt, Defendant violated Fla. Stat. § 559.72(9) because Defendant was asserting the existence of a legal right, *namely*, the ability to lawfully collect or attempt to collect the underlying debt, when Defendant knew it (Defendant) had no such right.

51.     WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests this Court to enter a judgment against Defendant, awarding the following relief:

(a)     Statutory damages, as provided under Fla. Stat. § 559.7(2);

(b)     Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.77(2);

(c)     An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; and

(d)     Such other or further relief as the Court deems proper.

DATED: January 24, 2023

Respectfully Submitted,

  /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:     Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:     Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone:     561-542-8550

*COUNSEL FOR PLAINTIFF*