UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**GRICEL LUNA**,
*individually and on behalf of all those similarly situated*,

    Plaintiff,

v.

Case No. 0:23-cv-60123-CMA

**FIRSTCREDIT INTERNATIONAL CORP d/b/a FIRSTCREDIT**,

    Defendant.
_____/

## DEFENDANT FIRSTCREDIT, INC.'S MOTION TO DISMISS COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant FirstCredit, Inc. ("FirstCredit") respectfully moves this Honorable Court for an order dismissing Plaintiff Gricel Luna's ("Plaintiff") Class Action Complaint ("Complaint"), with prejudice. Plaintiff's Complaint fails to state a plausible claim against FirstCredit upon which relief can be granted. The reasons for this Motion are set forth more fully in the Memorandum as follows:

## MEMORANDUM

**I.     INTRODUCTION**

Plaintiff's Complaint alleges two claims against FirstCredit, one under the Fair Debt Collection Practices Act ("FDCPA") and one under the Florida Consumer Collection Practices Act ("FCCPA"). Both claims are premised on the same allegation: that FirstCredit was not properly registered as a consumer collection agency with the Florida Department of State as required by Fla. Stat. § 559.553. According to Plaintiff, because FirstCredit was not properly registered, it violated the FDCPA and FCCPA when it sent her a collection letter.

Pursuant to the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021), to have standing to sue FirstCredit over its alleged violation of Fla. Stat. § 559.553, Plaintiff must have been concretely harmed by the violation.

The Complaint does not allege that Plaintiff suffered any concrete harm because she received FirstCredit's letter. Instead, Plaintiff generally alleges that FirstCredit's letter wasted her time. As discussed in more detail herein, and though allegations of wasted time have been recognized to plausibly state a concrete harm in select situations, Plaintiff's vague allegations of wasted time are insufficient to give her standing to sue FirstCredit over its alleged violation of Fla. Stat. § 559.553.

Nevertheless, even if Plaintiff was not required to have standing, and even when all of the factual allegations in her Complaint are taken as true and construed in her favor, her claims against FirstCredit still fail as a matter of law. Courts have articulated a two-step test for transforming a non-actionable registration violation into an actionable violation of a consumer protection statute. Plaintiff's Complaint reveals that she cannot satisfy that test as a matter of law because FirstCredit's collection letter was informational in nature and did not contain any language that could be construed as a threat to do anything.

Notably, the instant Complaint represents Plaintiff's second attempt to prosecute these same allegations against FirstCredit. On July 28, 2022, Plaintiff filed a nearly-identical complaint in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. That case was dismissed by Plaintiff after FirstCredit filed a motion similar to the instant Motion.

Now, for all of the foregoing reasons and all those discussed below, FirstCredit respectfully moves this Honorable Court for an order dismissing Plaintiff's Complaint, with prejudice.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 8, 2022, FirstCredit sent Plaintiff a collection letter. *See* Doc. 1, Page 3; Doc. 1-1. The letter was an attempt by FirstCredit to collect a debt owed by Plaintiff. *Id*. When FirstCredit sent the letter, it was not properly registered to collect consumer debts as required by Fla. Stat. § 559.553. *Id*. After Plaintiff received the letter, she wasted her time reading it and thinking about it. *Id.* at Page 4.

On January 24, 2023, Plaintiff filed her Complaint against FirstCredit. Based on FirstCredit's alleged violation of Fla. Stat. § 559.553, Plaintiff alleged one claim under the FDCPA and one claim under the FCCPA. *Id.* at Pages 7-9.

## III. LAW AND ARGUMENT

### A. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The first step in testing the sufficiency of a complaint is to identify any conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In this regard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678, *citing Twombly*, 550 U.S. at 555. That is, a plaintiff's "obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Twombly*, 550 U.S. at 555. Additionally, although courts must accept well-pleaded factual allegations in a complaint as true, courts are "not bound to accept as true a[ny] legal conclusion couched as a factual allegation." *Id.*, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, when evaluating

whether a claim is "plausible," a court should rely on "its judicial experience and common sense." *See Iqbal*, 556 U.S. at 679.

In this case, FirstCredit is entitled to a dismissal of Plaintiff's Complaint because Plaintiff does not have standing and has not alleged any plausible claims for relief against it. Even after accepting all of the factual allegations in Plaintiff's Complaint as true, and construing them in her favor, Plaintiff's claims against FirstCredit still fail as a matter of law because: (1) Plaintiff was not concretely harmed by FirstCredit's collection letter and, therefore, does not have standing under Article III; and (2) even if Plaintiff had standing, FirstCredit's letter was informational in nature and nothing in the letter could be construed as a threat to take action that could not legally be taken. For these reasons, and those that follow, FirstCredit respectfully moves this Honorable Court for an order dismissing Plaintiff's Complaint, with prejudice.

**B.     Plaintiff does not have standing to bring her claims against FirstCredit because Plaintiff has not suffered any concrete harm.**

In *TransUnion*, the Supreme Court stated that "an injury in law is not an injury in fact." *Id.* at 2205. "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id*.

Standing under Article III "is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek[.]" *Id.* at 2208, *citing Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008). To possess standing to bring her claims under the FDCPA and FCCPA, Plaintiff "must show (i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *See TransUnion*, 141 S.Ct. at 2203, *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). "If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can

remedy, there is no case or controversy for the federal court to resolve.'" *TransUnion*, 141 S.Ct. at 2203, *quoting Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019).

For the first requirement – the "concrete" injury requirement – the injury must be "real, and not abstract." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). But "[w]hat makes a harm concrete for purposes of Article III?" *TransUnion*, 141 S.Ct. at 2204. To answer this question, courts are guided by "history and tradition" and "should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Id.*, *citing Spokeo*, 578 U.S. at 341. In making this assessment, "[t]here is no minimum quantitative limit required to show injury; rather, the focus is on the qualitative nature of the injury, regardless of how small the injury may be." *Salcedo v. Hanna*, 936 F.3d 1162, 1172-1173 (11th Cir. 2019), *quoting Saladin v. City of Milledgeville*, 812 F.2d 687, 691 (11th Cir. 1987).

In this case, Plaintiff's Complaint does not allege that Plaintiff suffered a traditional, tangible harm based on her receipt of FirstCredit's letter. *See* Doc. 1, Pages 1-9. In fact, the words "harm" and "injury" do not appear anywhere in the Complaint. *Id*. The only "harm" that is alleged is intangible in nature – *i.e.*, Plaintiff claims that the letter wasted her time. *Id.* at Page 4. Specifically, Plaintiff alleges that she wasted time: reading the letter; trying to understand it; deliberating about what to do; and consulting with an attorney. *Id*. Plaintiff does not, however, allege how much time she allegedly wasted. *Id.* at Pages 1-9.

Although intangible harms "can also be concrete[,]" in order to be concrete, they must bear "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *See TransUnion*, 141 S.Ct. at 2204. Such harms "include, for example, reputational harms, disclosure of private information, and intrusion upon seclusion." *Id*.

(collecting cases).  Such harms could also include those recognized by the Constitution itself, such as the abridgment of free speech or the infringement upon the free exercise of religion.  *Id.* (collecting cases).

In the Eleventh Circuit, "allegations of wasted time ***can*** state a concrete harm for standing purposes."  *Salcedo*, 936 F.3d at 1173 (***emphasis*** added).  In *Common Cause/Ga. v. Billups*, the Eleventh Circuit determined that two individual voters had standing because enforcement of the voter identification statute at issue would require them "to make a special trip to the county registrar's office that is not required of voters who have driver's licenses or passports."  *See* 554 F.3d 1340, 1351 (2009).  And, in *Pedro v. Equifax, Inc.*, the Eleventh Circuit determined that an individual who spent time trying to resolve inaccuracies on her credit report adequately alleged a concrete injury.  *See* 868 F.3d 1275, 1280 (11th Cir. 2017).

Not all allegations of wasted time are sufficient, though, to state a concrete harm for standing purposes.[1]  In *Salcedo*, the plaintiff had received an unsolicited text message from an attorney.  *See* 936 F.3d at 1165.  That unsolicited message, he claimed, "caused [him] to waste his time answering or otherwise addressing the message."  *Id.* at 1167.  The Eleventh Circuit determined that the plaintiff's allegations of wasted time were not sufficient.  *Id.* at 1168.  Specifically, the Eleventh Circuit determined that the plaintiff did not have standing because: there were no allegations that the unsolicited message cost the plaintiff any money; no specific amount of time was allegedly wasted; and nothing had been lost as a result of the plaintiff's receipt of the message.  *Id.*

---

[1] The Eleventh Circuit's approach appears to be in-line with at least one other circuit.  *See Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 825 (5th Cir. 2022) (recognizing that there is no tort for wasted time but tort plaintiffs can sometimes recover for the opportunity costs attributable to the tort).

Plaintiff's allegations in this case are very similar to the allegations made in *Salcedo*, though, unlike the plaintiff in *Salcedo*, Plaintiff does not even attempt to identify any common-law counterpart that might have traditionally served as the basis for Plaintiff's lawsuit.  *See* Doc. 1, Page 4 of 9.  Just like in *Salcedo*, Plaintiff does not allege that the time she allegedly wasted on FirstCredit's letter cost her any money.  *Id.* at Pages 1-9.  Additionally, Plaintiff's allegations refer only to wasted time in a general sense.  *Id*.  Finally, Plaintiff's Complaint does not allege that Plaintiff lost any opportunities (or anything else) because of the time she allegedly wasted reading and thinking about FirstCredit's letter.  *Id*.  In fact, the only specific allegation appears to be that Plaintiff wasted time "consulting with an attorney[.]"  *Id.* at Page 4 of 9.

Though Plaintiff does allege that she wasted time "consulting with an attorney[,]" seeking legal counsel for purposes of filing a lawsuit does not confer Article III standing as every individual who sued with the help of an attorney would automatically have standing under Article III.  *See Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1069 (7th Cir. 2020); *Perez*, 45 F.4th at 825; *see also Thole v. U.S. Bank N.A.*, 140 S.Ct. 1615, 1619 (2020) ("an 'interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim'").  Furthermore, the Eleventh Circuit has confirmed that establishing standing because of wasted time requires something more.  *See Toste v. Beach Club at Fontainebleau Park Condominium Assn., Inc.*, 2022 WL 4091738, *4 (11th Cir. 2022) (plaintiff who alleged "significant" wasted time and emotional distress and loss of sleep manifesting from debt issues adequately alleged concrete harm for purposes of Article III).  Here, Plaintiff is attempting to unlock the doors of discovery with a key made of nothing more than generic claims of wasted time and attorney consultation.  *See* Doc. 1, Page 4 of 9.  Eleventh Circuit precedent confirms that these allegations are not sufficient and, under *TransUnion*, an alleged statutory

violation of Fla. Stat. § 559.553(1) alone is not sufficient to confer standing on Plaintiff to sue FirstCredit. Notably, this conclusion is also consistent with the way other courts have addressed similar alleged violations. *See Valentine v. Unifund CCR, LLC*, D.N.J. No. 20-5024, 2023 WL 22423, *1, 3-4 (Jan. 3, 2023) (no Article III standing for alleged violations of FDCPA where alleged violations were based solely on failure to comply with underlying state licensing law).

For these reasons, and pursuant to Article III of the Constitution and the Supreme Court's decision in *TransUnion*, FirstCredit respectfully moves this Honorable Court for an order dismissing Plaintiff's Complaint.

### C. Even if Plaintiff had standing, her claims still fail as a matter of law because nothing in FirstCredit's letter could be construed as a threat to take action that could not legally be taken.

Setting aside Plaintiff's lack of standing, her FDCPA and FCCPA claims still fail as a matter of law. As an initial matter, there is no private right of action for alleged violations of Fla. Stat. § 559.553(1). *See Conner v. BCC Fin. Mgmt. Servs., Inc.*, 489 F.Supp.2d 1358, 1361 (S.D. Fla. 2007). Like in *Conner*, "[t]he question, then, is whether a failure to comply with Fla. Stat. § 559.553 constitutes a violation of Fla. Stat. § 559.72(9)" or 15 U.S.C. § 1692e. *Id*.

In *Conner*, the Southern District of Florida was presented with an FCCPA claim identical to Plaintiff's FCCPA claim in this case, *i.e.*, an alleged void registration creating an alleged FCCPA violation. *Id.* at 1359. In granting the defendant a partial summary judgment, the *Conner* court stated:

> Had the legislature intended to include "attempting to collect a consumer debt while in possession of a void registration" as a violation of the FCCPA, it could have included such language in Section 559.72. Because the legislature chose not to do so, the undersigned is not inclined to, nor can she, read such a cause of action into the language of Fla Stat. § 559.72(9).

*Id.* at 1361. Notwithstanding the decision in *Conner,* some courts have held that there are some circumstances where an alleged registration violation could form the basis for a claim under the FDCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010); *Lee v. McCarthy*, 297 F.Supp.3d 1343, 1351 (S.D. Fla. 2017).

In *LeBlanc,* the Eleventh Circuit determined that it was not a *per se* violation of the FDCPA if a debt collector violated state law. *See LeBlanc*, 601 F.3d at 1192. Agreeing with the Eighth Circuit, the Eleventh Circuit discussed how the FDCPA "was not meant to convert every violation of a state debt collection law into a federal violation." *Id.*, *citing Carlson v. First Revenue Assurance*, 359 F.3d 1015, 1018 (8th Cir. 2004). In that case, the collection letter told the recipient that his account could be referred "to an attorney in your area for legal consideration" and that "[i]f suit is filed and if judgment is rendered against you, we will collect payment utilizing all methods legally available to us[.]" *Id.* at 1188.

Seven years later in *Lee*, the Southern District of Florida found that "district courts applying *LeBlanc* have held that a debt collector can violate the FDCPA by failing to register under Fla. Stat. § 559.553 and, then, either threatening to collect a debt by means of legal action or taking legal action that the debt collector was not authorized to take under Fla. Stat. § 559.553[.]" *See Lee*, 297 F.Supp.3d at 1351. In that case, like *LeBlanc*, the Southern District of Florida determined that because the defendant law firm had not registered under Fla. Stat. § 559.553, a collection letter that impliedly threatened the possibility of legal action – which the firm could not take – was sufficient to support a violation of 15 U.S.C. § 1692e. *Id.* at 1351-1352.

Here, Plaintiff alleges identical § 1692e violations as the plaintiff in *Lee. Id.* at 1352 (detailing specific § 1692e allegations at issue); Doc. 1, Pages 7-8 of 9 (alleging violations of §§ 1692e, e(2)(A), e(5), and e(10)). However, Plaintiff's claim is markedly different from the claim

at issue in *Lee* in a very important way. In *Lee*, the defendant law firm's collection letter stated, *inter alia*:

> The firm represents the above referenced creditor in the matter of your unpaid account. This debt is overdue and we will use all legally appropriate means for collection.
>
> * * *
>
> No determination has been made at this time whether this claim will result in the filing of a lawsuit. It is our hope that this matter will be resolved without court action.

*Lee*, 297 F.Supp.3d at 1345. In this case, the collection letter that Plaintiff received contains no threats, either explicit or implicit, to do anything. *See* Doc. 1-1. Rather, FirstCredit's model validation notice (MVN) is informational in nature, and it informs Plaintiff of who FirstCredit is (a debt collector), who FirstCredit is trying to help (Cleveland Clinic Florida), how Cleveland Clinic Florida was calculating what it claims Plaintiff owes, how Plaintiff can dispute the debt, and other options for Plaintiff. *Id*.

Again, there is no language anywhere on FirstCredit's letter that could be interpreted as a threat. *Id*. Without threatening language, Plaintiff cannot satisfy the *LeBlanc* court's two-step test for bootstrapping a substantive violation to a registration issue, *i.e.*, "failing to register under Fla. Stat. § 559.553 ***and, then,*** either threatening to collect a debt by means of legal action or taking legal action that the debt collector was not authorized to take[.]" *See Lee*, 297 F.Supp.3d at 1351 (***emphasis*** added). Because FirstCredit's letter to Plaintiff did not threaten her in any way, even if Plaintiff had standing – which she does not – Plaintiff's claims still fail as a matter of law.

For these reasons, FirstCredit respectfully moves this Honorable Court for an order dismissing Plaintiff's Complaint, with prejudice.

**IV.    <u>CONCLUSION</u>**

Plaintiff's Complaint should be dismissed. Plaintiff does not have standing under *TransUnion*. The "harm" alleged in Plaintiff's Complaint – wasted time – is intangible and is not the kind of harm that has been traditionally recognized as providing the basis for a lawsuit in American courts. And, even though the Eleventh Circuit has found that allegations of wasted time *can* plausibly state a concrete harm for purposes of Article III standing in some circumstances, Plaintiff's allegations do not suffice to meet the necessary threshold.

Additionally, and even if Plaintiff had standing, there is nothing in FirstCredit's letter that could be construed as a threat by FirstCredit to take action that cannot legally be taken. Without such a threat, Plaintiff cannot, as a matter of law, convert the alleged § 559.553 registration issue – for which there is no private right of action – into a substantive and actionable violation of the FDCPA or FCCPA.

For all the reasons set forth herein, FirstCredit respectfully moves this Honorable Court for an order dismissing Plaintiff's Complaint, with prejudice.

> HINSHAW & CULBERTSON LLP
>
> *s/Barbara Fernandez*
> Barbara Fernandez
> Florida Bar No. 0493767
> Peter A. Hernandez
> Florida Bar No. 64309
> 2525 Ponce de Leon Blvd.
> Fourth Floor
> Coral Gables, FL 33134
> Telephone: 305-358-7747
> Facsimile: 305-577-1063
> Primary: bfernandez@hinshawlaw.com
> pahernandez@hinshawlaw.com
> Attorneys for Defendant FIRSTCREDIT
> INTERNATIONAL CORP d/b/a
> FIRSTCREDIT

Case No. 0:23-cv-60123-CMA

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Thomas Patti, Esq.
Victor Zabaleta, Esq.
Patti Zabaleta Law Group
3323 Northwest 55th Street
Ft. Lauderdale, FL   33309
Tel:   561-542-8550
Attorneys for Plaintiff

        HINSHAW & CULBERTSON LLP

        *s/Barbara Fernandez*
        Barbara Fernandez
        Florida Bar No. 0493767
        Peter A. Hernandez
        Florida Bar No. 64309
        2525 Ponce de Leon Blvd.
        Fourth Floor
        Coral Gables, FL 33134
        Telephone: 305-358-7747
        Facsimile: 305-577-1063
        Primary: bfernandez@hinshawlaw.com
        pahernandez@hinshawlaw.com
        Attorneys for Defendant FIRSTCREDIT
        INTERNATIONAL CORP d/b/a
        FIRSTCREDIT

1055519\313105452.v1